```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

DRIVER PIPELINE COMPANY, INC.                                PLAINTIFF

VS.                               CIVIL ACTION NO. 3:10CV437TSL-FKB

STRINGER CONSTRUCTION COMPANY, LLC                            DEFENDANT

CONSOLIDATED WITH

STRINGER CONSTRUCTION COMPANY, LLC.                          PLAINTIFF

VS.                               CIVIL ACTION NO. 4:10CV147HTW-LRA

DRIVER PIPELINE COMPANY, INC.,
LEAF RIVER ENERGY CENTER, LLC,
XYZ INDIVIDUALS, and ABC ENTITIES                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

In Civil Action No. 3:10CV437TSL-FKB, defendant Stringer Construction Company, LLC (Stringer), citing St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994), moved to dismiss the complaint for declaratory judgment brought against it by Driver Pipeline Company, Inc. (Driver) in favor of a separate action brought by Stringer against Driver in state court.  Since the filing of Stringer's motion, Stringer's state court suit has been removed to this court and consolidated with the case brought by Driver in this court.  Stringer's motion to dismiss has thus become moot and will therefore be denied.

In both the suit brought by Driver and by Stringer, Driver has moved to compel arbitration pursuant to an arbitration agreement contained in the work order/contract between Driver and

Stringer which states, "[a]ll claims and disputes arising out of or relating to the project, the work, or this work order must be settled by arbitration under the Construction Industry Arbitration rules of the American Arbitration Association."  In considering whether to compel arbitration under the Federal Arbitration Act, a court must engage in a two-step analysis. Tittle v. Enron Corp., 463 F.3d 410, 418 (5th Cir. 2006).  "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" Id. (quoting Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir. 1996)).  This inquiry asks whether there is a valid arbitration agreement and whether the dispute at issue falls within the scope of that agreement.  Id.  "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclose[ ] the arbitration of those claims.'" Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 105 S. Ct. 3346, 3355, 87 L. Ed. 2d 444 (1985)).

In the case at bar, Stringer has not challenged the validity of the arbitration agreement or Driver's assertion that the parties' present dispute falls within the scope of the arbitration agreement (and it clearly does).  Nor has Stringer offered any basis for denying enforcement of the agreement.  Accordingly, the motion to compel arbitration will be granted.

Based on the foregoing, it is ordered that Stringer's motion to dismiss in Civil Action No. 3:10CV437TSL-FKB is denied.  It is

further ordered that the motions to compel arbitration in both of the above-styled cases are granted, and it is ordered that this cause will be stayed pending arbitration.  The Clerk of Court is hereby directed to administratively close this action pending notification by the parties that arbitration proceedings have been completed.

    SO ORDERED this 5th day of October, 2010.


                                      /s/Tom S. Lee
                                      UNITED STATES DISTRICT JUDGE